IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| JORDAN KEEFE,<br><br>               Petitioner,<br><br>     vs.<br><br>JIM SALMONSEN,  ATTORNEY<br>GENERAL OF THE STATE OR<br>MONTANA,<br><br>               Respondent. | Cause No. CV 23-100-M-DLC<br><br><br>ORDER |

On September 7, 2023, state pro se prisoner Jordan Keefe ("Keefe") filed an application seeking habeas corpus relief pursuant to 28 U.S.C. § 2254.  (Doc. 1 at 10.)[1]  The Court is required to screen all actions brought by prisoners who seek relief. 28 U.S.C. § 1915(a).  The Court must dismiss a habeas petition or portion thereof if the prisoner raises claims that are legally frivolous or fails to state a basis upon which relief may be granted. 28 U.S.C. § 1915A(b)(1), (2).  The Court must dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 Governing Section 2254 Cases.

As explained below, because the claims in Keefe's petition are unexhausted,

---

[1] *See Houston v. Lack*, 487 U.S. 266, 276 (1988)( Under the "prison mailbox rule," a prisoner's document is deemed filed "at the time…[it is] delivered to the prison authorities for forwarding to the court clerk.")

1

his petition will be dismissed without prejudice.

## I.     Motion to Proceed in Forma Pauperis

Keefe has filed an inmate account statement but failed to file a motion to proceed in forma pauperis ("IFP").  (Doc. 3.)  This Court takes judicial notice that Keefe has been granted IFP status in other matters.  Because there is no reason to delay this matter further, Keefe will be granted IFP status in the instant case.

## II.     Exhaustion

Following a plea of guilty in Montana's Twentieth Judicial District, Sanders County, Keefe was committed to the Montana State Prison for a conviction of Sexual Intercourse without Consent.  (Doc. 1 at 2-3.)  Judgment was entered on March 24, 2015.  (*id*. at 2.)  Mr. Keefe raises the following claims: (1) due process and confrontation clause violations, (*id*. at 4); (2) actual innocence/newly discovered innocence, (*id*. at 5); (3) malicious prosecution, (*id*. at 6); and (4) challenge to an extrajudicial confession.  (*Id*. at 7.)  Keefe indicates that he is represented by counsel and has an active appeal pending from the denial of his postconviction petition; Keefe states these claims are being presented in his appeal. (*Id.* at 4-7.)

Keefe asks this Court to pardon him, return his daughter to his custody, and award him monetary compensation for each day of his wrongful incarceration.  (*Id*. at 9.)

2

To the extent that Keefe presents cognizable federal claims, each claim is presently unexhausted.  Keefe acknowledges the claims have not been exhausted, but that they will be presented in his direct appeal in *State v. Keefe*, DA 22-0381. (Doc. 1 at 4-7.)  The Court has independently reviewed the Montana Supreme Court Docket,[2] Keefe's opening brief is currently scheduled to be filed on or before October 13, 2023.

A federal court may entertain a petition for habeas relief only if the petitioner has exhausted his state court remedies before petitioning for a writ in federal court.  *Baldwin v. Reese*, 541 U.S. 27, 29 (2004).  Federal courts may not grant a writ of habeas corpus brought by an individual in custody pursuant to a state court judgment unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. §2254(b)(1)(A).  "The exhaustion-of-state-remedies doctrine, now codified at 28 U.S.C. §§ 2254(b) and (c), reflects a policy of federal-state comity, an accommodation of our federal system designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks and citation omitted).

To meet the exhaustion requirement, a petitioner must (1) use the "remedies

---

[2] See: https://supremecourtdocket.mt.gov/PerceptiveJUDDocket/#!toCaseResults (accessed September 15, 2023).

available," § 2254(b)(1)(A) through the state's established procedures for appellate review, *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999), (2) describe "the federal legal theory on which his claim is based," *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008), and (3) describe "the operative facts . . . necessary to give application to the constitutional principle upon which the petitioner relies." *Id., see also Gray v. Netherland*, 518 U.S. 152, 162-63 (1996). A petitioner must meet all three prongs of the test in one proceeding.  "Mere 'general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial,' do not establish exhaustion." *Castillo v. McFadden*, 399 F. 3d 993, 999, cert. denied, 546 U.S. 818 (2005).

In the present case, the Montana Supreme Court has not yet considered the claims Keefe attempts to advance.  Keefe must present the same claim to the state courts, in a procedurally appropriate manner, and give them one full opportunity to review his federal constitutional claims.  *O'Sullivan*, 526 U.S. at 845.  Because Keefe has not yet completely exhausted his available state court remedies, this Court cannot review the claims. *See Rose v. Lundy*, 455 U.S. 509 (1982). Dismissal will be **without prejudice**, allowing Keefe to return to this Court if and when he fully exhausts the claim relative to his current custody.

### III.   Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it

enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings.  A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012) (quoting *Slack*, 529 U.S. at 484).

Keefe has not yet made a substantial showing that he was deprived of a federal constitutional right.  Further, because his petition is unexhausted, reasonable jurists would find no basis to encourage further proceedings.  There are no close questions and there is no reason to encourage further proceedings in this Court.  A certificate of appealability will be denied.

Based on the foregoing, the Court enters the following:

## ORDER

1.  Keefe is granted IFP status.  The Clerk of Court is directed to waive payment of the filing fee.

5

2.  Keefe's Petition (Doc. 1) is DISMISSED without prejudice

as unexhausted.

3.  The Clerk of Court is directed to enter a judgment of dismissal.

4.  A certificate of appealability is DENIED.

DATED this 18th day of September, 2023.

*/s/ Dana L. Christensen*
Dana L. Christensen
United States District Court Judge